## Hess's Appeal.

An appeal from the decree of the orphan's court, ordering a sale of real estate.for the payment of debts, is a *supersedeas* to such sale.

APPEAL from the orphan's court of *Lancaster* county.

This is an appeal from a decree of the orphan's court of the county of Lancaster, confirming a sale made of the real estate of *John Hess* deceased, by his administrators, for the purpose of paying his debts ; in pursuance of a decree previously made by the same court. The order for the sale was made on the 30th day of December 1828, directing the administrators to sell on the 24th of January then next following, and to make report of the same to the court on the third Monday of March ensuing. On the 22d day of January 1829, two days before the day on which the administrators were directed to sell, the appellants in this case, who were the heirs of the deceased, by their guardian entered and in due form of law took an appeal, from the decree.of the orphan's court ordering the sale, to the circuit court, where it was affirmed ; and from this decree of the circuit court, an appeal was taken again to this court, where the decree of the circuit court was affirmed. After the appeal was taken from the order of the orphan's court decreeing the sale, and while it was still depending, the administrators went on and made the sale, and reported it to the orphan's court agreeably to the order. Exceptions were taken and filed against the confirmation of the sale ; and among them was this one ; that the sale was made after the appeal was taken from the decree of the orphan's court, which had authorized it, and while that appeal was still pending and undetermined. The other exceptions were either not supported in point of fact, or not tenable in law. The orphan's court, however, overruled them all, and confirmed the sale ; and it is from this decree of confirmation of the sale that this appeal was taken.

*Champneys,* for appellant, cited the acts of 1st of April 1811, sect. 2 ; and the 27th of March 1813, sect. 9 ; and the 19th of April 1794, section 20 ; and contended that the appeal was a *supersedeas.* To determine that it was not, is equivalent to a determination that no appeal from a decree of the orphan's court can be taken at all ; for the land once sold, and the title made, any result of an appeal was ineffectual.

*Jenkins,* for appellee. The decree of the orphan's court was not final until the confirmation of the sale ; this appeal, therefore, was

taken too soon and should be quashed. But upon the examination of this record, the court will find nothing wrong : why then reverse proceedings thus regular, because of the formal reason that the sale was made after an appeal ? If the court be now of opinion, that there was no ground for the appeal, they will not reverse the decree. 4 *Serg. & Rawle* 202 ; 2 *Mad. Chan.* 455 ; 6 *Serg. & Rawle* 462 ; 4 *Dall.* 160.

*Champneys*, in reply. The difference between an appeal and writ of error is, that error lies only to final judgment ; appeal lies to interlocutory decrees. Both operate as *supersedeas.* 16 *Serg. & Rawle* 329.

The opinion of the Court was delivered by

KENNEDY, J.—To support this sale and the decree of confirmation by the orphan's court, it has been contended in the first place, that the appeal from the order of sale was not a *supersedeas* to the execution of it ; and that the administrators had a right, if they chose, to go on with the sale notwithstanding, taking the responsibility of it upon themselves ; and if it turned out afterwards that the order for the sale should be affirmed upon the appeal, that then the sale would be good, whatever might have been the effect of its reversal. This notion, I apprehend, is contrary to what has ever been considered the effect of an appeal duly and regularly taken from the decree or judgment of an inferior tribunal or court to a superior. The effect, if not at once to open and annul such decree or judgment of the inferior tribunal or court, so that the proceedings to be had in the appellate jurisdiction shall begin *de novo*, has at least been to stay all further proceeding in the execution of it. It is very reasonable that it should be so, or otherwise the great end of granting to the party the right to appeal, would in many cases be lost. How, for instance, could an appeal taken from a sentence of death avail the party any thing, if the sentence may notwithstanding be lawfully executed pending the appeal. It may be said that this is an extreme case. But surely it must be admitted that the object of granting the right of appeal in every case is to afford the party an opportunity of obtaining relief from the execution of a sentence, order or judgment that is illegal or unjust ; and yet if such sentence, order or judgment may be lawfully carried into effect before a decision shall be had upon the appeal, it is very apparent that the primary object of the appeal would be lost in all cases, and that in many, if not in the most of them, great injury would be the result, for which no adequate compensation could be made by any decision that could possibly be given upon the appeal.

Even in the case now under consideration, where the order for the sale of the estate was held on the appeal to be lawful and just, yet it is possible that the appellants may have sustained a serious injury on account of the sale having been made while the appeal was depending. It being finally determined that the property must be sold, it

[Hess's Appeal.]

then became the interest of the appellants, that the highest possible price that could be obtained for it should be had.   But the circumstance of the appeal having been taken, and made too, under the solemnity of an oath, may reasonably be supposed to have created doubts in the minds of some, who might otherwise have been disposed to buy the property, as to the final issue of the appeal, whether the order for the sale would be affirmed or not; and consequently made it uncertain with them, whether they would get it, if they did bid and it should be stricken down to them; and as nothing but the final decision upon the appeal could remove such doubts, they did not bid at all, although disposed to give a much higher price for the property than it was sold for.

It is a desideratum with all who wish to purchase property, to be certain and assured at the time of buying, that they will get it according to the terms of their agreement, so that they may make their arrangements accordingly, and not be disappointed.   Suspense, doubt and anxiety, are all unpleasant, and there are few who do not wish to avoid having their minds so possessed.   Beside, if an appeal is not to be considered at least a *supersedeas* or stay to the execution of the sentence, order or judgment from which it is taken, useless and unnecessary costs must often be incurred, which ought to be avoided as much as possible.

It has in the next place been urged that the order of sale, made by the orphan's court, was merely *interlocutory* and not *definitive*; and therefore, not such a sentence as could be lawfully appealed from: and as the appeal from it was not authorized by law, it was a nullity and could have no legal effect or operation whatever in arresting or staying the execution of the decree for the sale.   This, perhaps, might be so, if the order for the sale were not of a *definitive* character, for it is only from *definitive* sentences or judgments passed by the orphan's court, that the right of appeal is given, according to the 9th section of the act of the 27th of March 1713.   But it appears to me that the order of sale must be considered a *definitive* sentence.   It was a judgment of the orphan's court, condemning the property to sale without any further hearing to be had on the subject, and nothing remained to be done, but to carry it fairly into execution.   It was literally a decree, by force of which, and its due execution, the owners of the estate were to be divested of all right to it.   Could any thing, then, in its nature be more *definitive?*   And if it had been erroneous, I think that the most appropriate time for taking the appeal was before its execution, in order to prevent all useless expense as far as practicable, and likewise a possible sacrifice of the property for which no adequate reparation could be obtained after a completion of the sale.   Such orders I believe have been generally considered as appealable from.   It was so looked upon in the present case, and sustained without objection, and acted upon both by the circuit court and this court, as if it had been rightfully taken.

2 H

[Hess's Appeal.]

Under this view of the matter, we consider the sale made by the administrators, and the subsequent confirmation of it by the orphan's court, erroneous, and both are therefore set aside and reversed.

Decree reversed.