[PHILADELPHIA, FEBRUARY 6, 1837.]

## WATKINS *against* PHILLIPS.

### IN ERROR.

1. A *ground-rent* deed is "an instrument of writing for the payment of money," within the 2d section of the act of the 28th of March, 1835.
2. Where it appears by a declaration or statement filed, that the action is brought on the covenant in such deed for the payment of rent, judgment may be entered in the District Court, for want of an affidavit of defence.
3. In covenant for non-payment of ground-rent, when judgment by default has been entered, the prothonotary may assess the damages.

THIS case came before the court, on a writ of error to the District Court for the City and County of Philadelphia, to remove the record of a judgment entered for want of the affidavit of defence required by the act of the 28th March, 1835.

The action was in covenant, and brought by William Phillips against Michael Watkins.

The plaintiff filed a statement, setting forth that the defendant was indebted to him for ground-rent for a certain period, reserved in four several indentures, and amounting to a certain sum, with interest. He also filed a copy of each of the deeds; which contained, among other things, a covenant by the defendant for the payment of the ground-rent.

On the 26th of November, 1836, the Court, on motion of the plaintiff's attorney, entered a judgment for want of an affidavit of defence; and on the 29th of November following, the prothonotary assessed the damages at $177,46.

The plaintiff in error assigned the following errors;

1. "A ground-rent deed is not an instrument of writing for the payment of money, within the meaning of the act of assembly, authorising the District Court to enter judgment for want of an affidavit of defence.

2. The prothonotary had no power to assess damages in this case."

Mr. *Isaac Norris*, for the plaintiff in error.

1. There was no declaration filed in this case. There are several

covenants in a ground-rent deed. How is the defendant to know on which of them the suit is brought? How could he plead a former recovery? It does not appear by the deed what time the rent was claimed. The act authorising judgment for want of an affidavit of defence ought to receive a strict construction. In *Read* v. *Bush*, (5 *Binn.* 455,) the old affidavit rule was held to apply only to the case of a *certain* demand. Covenant is for the recovery of *damages*, not of a debt certain.

2. Where the amount is uncertain or indefinite, the prothonotary cannot assess the damages. *Armstrong* v. *Carson*, (2 *Dall.* 302.) *Grubb* v. *Wallace*, (11 *Serg. & Rawle*, 107.) The *quantum* of rent was not determined by the judgment; besides, here was interest claimed which does not follow of course. In this case notice was not given to the defendant of the assessment of damages before the prothonotary. *Hancock* v. *Hillegas*, (2 *Dall.* 280.) *Wright* v. *Crane*, (13 *Serg. & Rawle*, 447.)

Mr. *Hazlehurst, contra.*—It is not alleged that there is any defence on the merits. The plaintiff filed a statement with the copies of the deeds, setting forth the exact amount due. This is equivalent to a declaration by the act of assembly. Here the ground-rent deed was an " instrument of writing for the payment of money," within the meaning of the act of assembly; and the action was between the original parties. In *Royer* v. *Ackley*, (3 *Penn. Rep.* 464,) it was decided that no previous demand of rent is necessary, except where a forfeiture is insisted upon. As to the assessment of damages, there was nothing for a jury. The defendant had confessed that the amount was due according to the statement.

The opinion of the Court was delivered by

ROGERS, J.—We agree, with the Court in *Hansell* v. *Nelson*, (1 *Miles*, 342,) that a ground-rent deed is an instrument of writing for the payment of money, within the meaning of the 2d section of the act of the 28th of March, 1835, which authorises the court to enter judgment, for want of an affidavit of defence. Nor do we think it material that the deed contains other covenants, provided it appear on the record (as it does here,) that the action is brought on the covenant for the payment of money, which is the principal covenant. The act extends to all articles, or bills, notes, bonds or *other instruments of writing*, for the payment of money; words sufficiently comprehensive to include an action of covenant to recover the arrearages of ground-rent. It is within the spirit, certainly within the words of the act; for it does not cease to be an instrument of writing for the payment of money, merely because it also contains covenants which do not partake of that character.

It is said that the prothonotary had no power to assess the dam-

(Watkins *v.* Phillips.)

ages. But a writ of inquiry is a mere inquest of officers, to inform the conscience of the court, who, if they please, may themselves assess the damages, (1 *Tidd*, 513.) And it has been the practice, instead of executing a writ of inquiry, and without any previous application to the court, in actions on promissory notes, bills of exchange, covenants for the payment of a sum certain, or on an award, and indeed in all cases where the court have nothing more to do than to calculate the interest, upon a sum previously ascertained and fixed, to refer the assessment to the prothonotary. If either party is dissatisfied with the assessment of damages, the error may be corrected by appeal to the Court.

Judgment affirmed.