## Barbara Gesell's Appeal.

An order of the Orphans' Court awarding an inquest in partition is not a definitive decree and no appeal lies therefrom.

May 9th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Appeal from the Orphans' Court of *Lancaster county :* Of May Term 1877, No. 148.

This was the appeal of Barbara Gesell from the decree of the court awarding an inquest in partition in the estate of Abraham Erisman, deceased.

The proceedings commenced by the petition of John B. Good, guardian of John Erisman, filed August 21st 1876, and which set forth, that Abraham Erisman died intestate in September 1843, leaving a widow named Barbara, who in August 1846 married John C. Gesell, who died in 1865, leaving said Barbara surviving him ; said Abraham Erisman also left six children surviving him, viz., Admiral, Jacob, Samuel, who died March 5th 1875, leaving a widow named Catharine and one child, John Erisman, a minor over fourteen years of age, the petitioner's ward, John, Mary Blanchard, and Henry, who died in 1843 intestate, unmarried and without issue, leaving his mother Barbara surviving him ; that said Abraham Erisman died, seised of certain real estate in the city of Lancaster ; that no partition or valuation of this real estate had been made ; and prayed the court to award an inquest to make partition, &c.

The answer of Barbara Gesell, filed August 28th 1876, says that she is now and has been for more than thirty years the sole owner of all the real estate in the petition described, and has been and is in possession thereof ; and prays that an issue may be directed to try and determine the fact of such ownership, and that the petition may be dismissed.

The replication of John B. Good denies the sufficiency of the answer, and avers that the same is untrue, " save and except, as in said answer stated, that the said respondent, Barbara Gesell, has been in possession of said real estate, * * * as tenant in dower and guardian of the children of said deceased, ever since the death of her said husband."

Depositions were taken, and, after argument, the court, Patterson, A. L. J., awarded the inquest.

From this order an appeal was taken.

In the Supreme Court a motion was made to quash this appeal.

*M. Brosius* and *J. B. Good*, in support of the motion.—The order is not such a definitive decree as is contemplated by the 59th section of the Act of 29th of March 1832, Purd. Dig. 433, pl. 136, authorizing appeals from the Orphans' Court.

[Gesell's Appeal.]

·There is no authority for an appeal from such an interlocutory judgment in the Orphans' Court. The practice in analogy to the writ of error is to let the parties wait until the power of the court has been exhausted and a final decree made : Eckfeldt's Appeal, 1 Harris 171.

*William Aug. Atlee, contra.*—The decree is a definitive decree. The answer filed brought up the whole question as to the right of the petitioner to partition ; it brought before the court the questions of jurisdiction and such as relate to the parties, property and possession, and the court, in decreeing as it did, passed on those questions. The inquisition is merely the execution of the decree, merely carrying into effect the judgment of the court. Errors in either an original writ or in an execution can be rectified by appeal or writ of error, but appeal to the manner of execution would hardly bring up the original writ and enable the Supreme Court to rectify errors made before judgment. If there be error in the decree of the court it is better that it should be rectified now "before incurring the expense and costs of the partition :" Horam's Estate, 9 P. F. Smith 152.

It is difficult to draw a distinction between an order of inquest and an order of sale. A decree of sale by the Orphans' Court is definitive, and it is for this cause an appeal may be taken from it before the execution of the order to sell: Hess's Appeal, 1 Watts 255 ; Robinson's Appeal, 12 P. F. Smith 213. Robinson *et ux. v.* Glancy, 19 P. F. Smith 89, seems to decide the contrary ; if properly considered it only decides that when an appeal has been taken to a decree of sale, and that decree affirmed, a second appeal cannot be taken. If an order of sale is definitive why is not an order of inquest ?

Mr. Justice MERCUR delivered the opinion of the court, October 1st 1877.

This is an appeal from an order of the Orphans' Court awarding an inquest of partition. A motion is made to quash the appeal on the ground that the order is not a final decree.

The 59th·section of the Act of 29th March 1832, Pamph. L. 213, declares " any person aggrieved by a definitive sentence or decree of the Orphans' Court, may appeal from the same to the Supreme Court." It further declares " no appeal shall be allowed unless the same be entered and security given within three years after the final decree." Thus it appears the statute gives no appeal except from a definitive or final decree. It therefore follows that unless the awarding of an inquest be a definitive or final decree, no appeal lies in this case.

In one sense every decision or order of the court, during the

progress of a case, may be called final. That particular step may
not be retraced. Yet in law they are intermediate or interlocutory,
not final or definitive. A writ of error, nor an appeal, will not lie
at each stage of the proceeding. However much an intermediate
decision or order may affect the result, it is not subject to review
here until that final result has first been reached. Hence a writ
of error does not lie to a judgment *quod computet*, in account ren-
der : Beitler *v.* Zeigler, 1 P. & W. 135 ; nor to judgment substitu-
ting parties on a scire facias : Bossler *v.* Johns, 2 Id. 331 ; nor to a
judgment given for the plaintiff, upon a demurrer in an action
sounding in damages : Logan *v.* Jennings, 4 Rawle 355 ; nor on a
judgment of *respondeat ouster :* Foster *v.* Commonwealth, 8 W. &
S. 83. So, a decree of the Orphans' Court, for a trustee under a
will to file his account, is interlocutory, not final, and no appeal
lies therefrom : Eckfeldt's Appeal, 1 Harris 172 ; nor does an ap-
peal lie to an order of the Orphans' Court to execute a decree of
sale : Robinson's Appeal, 12 P. F. Smith 213 ; Robinson *et ux. v.*
Glancy, 19 Id. 89.

It was held in Hess's Appeal, 1 Watts 255, that an order of sale
by the Orphans' Court, for the payment of debts, was of such a
definitive character that an appeal would lie. So it will lie to a
decree of sale made after confirmation of partition : Robinson's Ap-
peal, *supra.* The reason therefor then given by the present chief
justice, is, " that the decree condemns the property to conversion
and the owner's title to divestiture." The opinion distinguishes
between the decree of sale, and the order of sale, that executes the
decree.

The awarding of an inquest does not condemn the property to
conversion, nor the owner's title to divestiture. It is not necessarily
any more than the first step towards a valuation or appraisement.
It has none of the characteristics of a decree of sale. It disturbs
no right. It settles no title. It authorizes no sale.

It may result in a division of the land ; but the whole action of
the inquest works no conversion of the property. It divests no
title. A full execution of the order still leaves the property, land,
and the title of each owner in every part undivested. The confirm-
ation of the court is necessary to give due effect to the inquisition.
All previous action is only so many steps towards this result. When
it is reached, the decree in partition is first made. Prior to this
time, all action is in the nature of an inquiry to ascertain whether,
and how, partition can legally be made. When the report of the
inquest comes up for confirmation, and the court is asked to decree
partition, all persons interested have a right to be heard. Objec-
tions to jurisdiction, to the alleged rights of the parties, and to the
regularity of the proceedings, may all be considered and determined.
The decree then made that the partition remain firm and stable for

[Gesell's Appeal.]

ever, is definitive and final. Here then is a resting place. The partition proper is then completed. It precedes any order of sale, or any allotment of the purparts. From this final decree any person aggrieved may appeal. Any person interested can have his alleged grievances adjudicated and the validity of the partition determined before he is required to elect to take a purpart, or suffer the property to go to a sale. An appeal duly taken, with security, would suspend or supersede further action predicated on the decree.

The cases of Herr v. Herr, 5 Barr 428 ; Painter v. Henderson, 7 Id. 48 ; Lair v. Hunsicker, 4 Casey 115; and Murklein v. Trapnell et al., 10 Id. 42, are not in conflict with the views now stated. They show the conclusive effect of a decree of partition, in the Orphans' Court, unappealed from. It cannot be controverted collaterally. We fully assent to their correctness. The effect of a definitive decree in partition is there correctly stated; but the mere order awarding an inquest has no such conclusive effect. The order is preliminary only. No case has been cited showing this court ever held otherwise. It is in law, as well as in fact, the beginning only, and in no sense the end. It is clearly interlocutory. As was well said by Mr. Chief Justice GIBSON in Eckfeldt's Appeal, supra, " it would be oppressive to drag a suitor here on every intermediate order." As the only assignment of error is to awarding the inquest, and no decree of partition has been made, the appeal is premature.

Appeal quashed.

Chief Justice AGNEW filed a dissenting opinion, in which Justices GORDON and WOODWARD concurred.