## John Riott *v.* Frank A. Blackstone and Lee Long, Appellants.

*Final or interlocutory judgment—Statutory period for appeals—Practice, C. P.*

A judgment is interlocutory and requires a writ of inquiry only where the sum is uncertain ; where the sum is certain or can be made so by mere calculation the judgment is final.    This principle is not confined to actions of debt but is applied to actions of assumpsit.

A judgment for want of a sufficient affidavit of defense having been entered on March 7, 1898, it follows that an appeal taken October 28 is too late.

Argued May 8, 1899.    Appeal, No. 78, April T., 1899, by defendants, from judgment of C. P. Lawrence Co., March T., 1897, No. 8, for plaintiff, for want of a sufficient affidavit of defense.    Before RICE, P. J., ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ.    Appeal quashed.    Opinion by RICE, P. J.

Appeal from judgment of alderman.    Before WALLACE, P. J.

It appears from the record that plaintiff brought an action to recover one half the cost of drilling an oil well in Butler county. Judgment by default was taken before the alderman and defendant appealed.    Judgment by default was again taken before the common pleas which on motion was subsequently opened. On October 27, 1897, an affidavit having been filed, plaintiff moved for judgment for want of a sufficient affidavit of defense. On November 4, an amended affidavit of defense was filed. On December 7, 1897, the case was called and heard and on March 7, 1898, the court entered judgment for want of a sufficient affidavit of defense and directed prothonotary to enter judgment for plaintiff as per his statement of claim filed.    On April 28 the prothonotary liquidated judgment in the above case against defendants in favor of plaintiff at the sum of $155.88 with interest from February 10, 1897.    On October 28, 1898, a writ of certiorari issued from the Superior Court.

*Error assigned* was in making the order of March 7, 1898, directing judgment for want of a sufficient affidavit of defense.

*Oscar L. Jackson,* for appellants.

*J. Norman Martin,* for appellee.—The judgment was granted and signed by the court. The act of the prothonotary in liquidating it was clerical.

The Act of May 19, 1897, P. L. 67, sec. 4, requires the appeal to be taken within six months "from the entry . . . . of the judgment." Judgment for want of a sufficient affidavit of defense is entered by the court and is final, notwithstanding the fact that it is not liquidated, and should it never be liquidated it remains a lien and a final judgment: Walkins v. Phillips, 2 Wh. 209.

The decree of the court, made by the court, and not the entry made by the clerk, is the judgment from which the appeal is taken, and the time begins to run from the date of the decree: Ege's Appeal, 2 Watts, 283.

And it is a judgment from the date of the decree: Com. v. Baldwin, 1 Watts, 54.

Judgment for want of a sufficient affidavit of defense, like judgment on a demurrer, is judgment on an issue in law and is actually signed and delivered by the judge. The signing of judgment is its entry: Stephen on Pleadings (Tyler's ed.), 111.

The appeal was taken more than six months after the entry of judgment.

OPINION BY RICE, P. J., July 28, 1899:

At common law where a specific thing was sued for, as in actions of debt for a sum certain, the judgment for the plaintiff upon demurrer, default, or by confession was held not to be interlocutory, but final in the first instance. Hence in a case where the defendant confessed judgment, " sum to be liquidated by attorneys," it was held that this operated at once as a final judgment for purpose of lien, without previous liquidation: Com. v. Baldwin, 1 Watts, 54; Arrison v. Com., 1 Watts, 374.

Under the decisions prior to the passage of the procedure act of 1887, which has not changed the law in this particular, the principle was not confined in its operation to actions of debt. It has been the practice, instead of executing a writ of inquiry, and without any previous application to the court, in actions on promissory notes, bills of exchange, covenants for the payment

591, (1899).]   Opinion of the Court.

of a sum certain, or in an award, and indeed in all cases where the court has nothing more to do than to calculate the interest upon a sum previously ascertained and fixed, to refer the assessment to the prothonotary: Watkins v. Phillips, 2 Wh. 209.

A judgment is interlocutory, and requires a writ of inquiry only where the sum is uncertain. Where the sum is certain, or can be made so by mere calculation, the judgment is final. " This," said Justice REED, " is the true test, and this is the general principle announced by this court in Lewis v. Smith, 2 S. & R. 142, 155, and in Com. v. Baldwin, 1 Watts, 57, although applied in those cases to judgments confessed: " Sellers v. Burk, 47 Pa. 344. The principle has been recognized in later cases : Fulton's Estate, 51 Pa. 204 ; Campbell v. Floyd, 153 Pa. 84, 96. It follows that the judgment entered on March 7, 1898, was final, an appeal could have been taken at once, and consequently the statutory period allowed for appealing began to run on that date.

The appeal is quashed.