# Duffy's Estate.

*Real estate—Practice, O. C.—Partition—Inquest—Confirmation of return—Act of March 29, 1832, P. L. 190.*

1. A failure to confirm the return of an inquest in partition is fatal to any subsequent proceedings in the case.

2. Where an inquest in partition, as returned by the sheriff's jury, is never confirmed, as provided by the Act of March 29, 1832, sec. 36, P. L. 190, a rule upon the heirs to accept or refuse the real estate is irregularly awarded.

Argued April 19, 1910. Appeal, No. 241, Jan. T., 1909, by defendants, from decree of O. C. Huntingdon Co., awarding real estate in partition in Estate of John

Duffy, deceased. Before FELL, C. J., BROWN, MESTRE-ZAT, POTTER and STEWART, JJ. Reversed.

Proceedings in partition. Before WOODS, P. J.
The facts appear in the opinion of the Supreme Court.

*Error assigned* was in sustaining demurrer to defendant's answer to rule.

*H. W. Petrikin* and *W. M. Henderson,* for appellants, cited: McMasters v. Carothers, 1 Pa. 324; Welch's App., 126 Pa. 297; Miller v. Baker, 160 Pa. 172.

*James S. Woods,* with him *W. H. Woods* and *Thomas F. Bailey,* for appellees, cited: Christy's App., 110 Pa. 538; Kates's Est., 148 Pa. 471; Ike's Est., 200 Pa. 202; Welch's App., 126 Pa. 297; McCorkle's Est., 184 Pa. 626; Bishop's Est., 200 Pa. 598.

OPINION BY MR. JUSTICE BROWN, July 1, 1910:

The Act of March 29, 1832, P. L. 190, relating to orphans' courts, provides how and when an inquest in partition may be awarded on the real estate of a decedent and directs that, upon return made by the persons appointed with the consent of the parties to make partition, or of the inquisition taken, the orphans' court shall "give judgment that the partition thereby made be firm and stable forever." The court, in effect, gives this judgment when it confirms the return of the inquest, and the confirmation is absolutely essential to give validity to what may follow in the proceedings. "When the report of the inquest comes up for confirmation, and the court is asked to decree partition, all persons interested have a right to be heard. Objections to jurisdiction, to the alleged rights of the parties, and to the regularity of the proceedings, may all be considered and determined. The decree then made that the partition remain firm and stable forever, is definitive and final. Here

then is a resting place. The partition proper is then completed. It precedes any order of sale, or any allotment of the purparts. From this final decree any person aggrieved may appeal. Any person interested can have his alleged grievances adjudicated and the validity of the partition determined before he is required to elect to take a purpart, or suffer the property to go to a sale:" Gesell's App., 84 Pa. 238; Christy's App., 110 Pa. 538.

In the proceedings brought up to us for review on this appeal the return of the inquest was never confirmed. These two appellants, in answer to the rule upon them to accept or refuse the real estate, averred (1) that the rule was irregularly and improvidently awarded, in that the inquest, as returned by the sheriff's jury, was never confirmed, as provided by the Act of March 29, 1832, sec. 36, P. L. 190; and (2) that the rule upon heirs is dependent upon the confirmation of the inquest, and, without this formal judgment, no title would pass under the proceedings to an electing heir or to a purchaser at the trustee's sale. No issue was joined on this answer, and the respondents are entitled to have its averments taken as true. The court wholly disregarded it, and, on the day that the rule was returnable, awarded the real estate to one of the heirs at a valuation. The failure to confirm the return of the inquest was fatal to any subsequent proceedings in the case, and all that was done after the return was filed was coram non judice. The record must be remitted that the proceedings may be conducted in conformity to the statute. Appellants will then have an opportunity to again apply to the court for the issue which was denied them, and, upon refusal of it, their right will be to appeal to this court to determine the correctness of the court's ruling. The fourth assignment of error is sustained. The decree of the court is reversed and all proceedings in the case subsequent to the return of the inquest are vacated and set aside, the costs on this appeal to be included in those of the proceedings in partition.