## Fitzpatrick v. Rogers, Appellant.

*Landlord and tenant—Lease—Vacation of premises by tenant before expiration of lease—Affidavit of defense—Sufficiency.*

In an action of assumpsit on a lease, for rent due on the balance of the term, against the tenant who has left before the expiration thereof, an affidavit of defense is sufficient which alleges that the landlord rented the premises to another tenant at the same rent immediately after the first tenant had vacated.

The landlord is bound to credit on his claim against the tenant whatever rent he may have received from the succeeding tenant,

274     FITZPATRICK *v.* ROGERS, Appellant.

Syllabus—Arguments.     [75 Pa. Superior Ct.
and if he rented the premises for the full term at the same rent there would be no balance due the landlord.

In an action on a covenant in the lease for damage to furniture contained in a rented apartment an affidavit of defense is sufficient which specifically denies the injury. The claim for damages sounding in tort was of such a character that it required more than the mere calculation to fix the amount, and the damages could not be assessed by the prothonotary.

Argued October 20, 1920. Appeal, No. 150, Oct. T., 1920, by defendant, from judgment of C. P. No. 1, Philadelphia County, June T., 1919, No. 698, making absolute rule for judgment for want of a sufficient affidavit of defense in the case of Mary B. Fitzpatrick v. Ethel P. Rogers. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit for rent and damages alleged to be due by reason of defendant's abandonment of leased premises.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense and damages were assessed by the prothonotary at $897.86. Defendant appealed.

*Error assigned,* among others, was the order of the court.

*Harvey McCourt,* and with him *Frank McManus,* for appellant, cited: Auer v. Penn, 99 Pa. 370; Hochman v. Kuebler, 53 Pa. Superior Ct. 481; Smucker v. Grimberg, 27 Pa. Superior Ct. 531.

*H. L. Jenkinson,* and with him *W. S. Furst,* for appellee.

OPINION BY KELLER, J., December 10, 1920:

This was an action in assumpsit upon a lease for a furnished apartment. Two items of claim were stated: The first for unpaid rental, the second (under a clause in the lease), for damage to a piece of furniture by the negligent use thereof.

1. Appellant, the lessee, vacated the premises before the expiration of her term. This, of course, did not relieve her from paying the rent for the unexpired term, unless the lessor accepted a surrender of the premises, or re-rented the apartment, in which event the rent thus received must be credited on the rent due. The affidavit of defense averred that appellant had surrendered possession of the apartment and lease on April 30, 1919, at the instance of and with the full knowledge and consent of the appellee who thereupon accepted the surrender of said lease. It is true she also averred that such surrender was in pursuance of an express agreement between herself and appellee, and did not set forth when said agreement was made and whether oral or in writing. But the agreement to surrender was only preliminary to the actual surrender and the affidavit distinctly averred that the surrender was made on April 30, 1919, at the instance of and with the consent of appellee and was accepted by her. If on the trial she proved these allegations, the plaintiff could not recover. Appellant was not required to set forth her evidence in her affidavit. But whether the affidavit was sufficiently explicit in this respect or not (and the writer feels that it was), we think it was sufficient to prevent judgment on the averment as to a re-renting.

The affidavit averred that the plaintiff, upon the removal of appellant, rented the apartment to other tenants for the full balance of the term and upon the same terms and stipulations in all particulars, as contained in appellant's lease. If this averment was true then plaintiff could not recover in this action. She must credit on her claim against appellant whatever rent she

may have received from the succeeding tenant, and if he rented the premises for the full term at the same rent, there was no balance due by appellant. Nor was it a fatal defect that the affidavit did not state the name of the succeeding tenant. That was more in the knowledge of the appellee than of appellant and the former could not be injured by the omission. Whatever the tenant's name there could be no recovery if there had been such a re-renting for the full balance of the term at the same rental.

2. The injury to the plaintiff's furniture was specifically denied in the affidavit of defense; and in addition, the claim was for damages sounding in tort, was wholly an estimate and included the cost of reupholstering four pieces of furniture, which were not damaged by appellant, in order that "the entire suit might match." The claim was of such a character that it required more than a mere calculation to fix the amount and hence the damages could not be assessed by the prothonotary: Riott v. Blackstone, 10 Pa. Superior Ct. 591; Watkins v. Phillips, 2 Whart. 209; Wallace v. Gibson, 11 W. N. C. 498; Siner v. Henderickson, 1 W. N. C. 94; 1 Troubat & Haly's Practice (Brightly's Ed.), section 453.

No opinion was filed by the court below so that we do not have before us the benefit of the court's reasons for entering the judgment.

The fourth assignment of error is sustained and the judgment is reversed with a procedendo.