R. & B. Electric Co., Appellant, *v.* Leventry.

Argued April 22, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Ray Patton Smith,* for appellant.

*Frank P. Barnhart,* for appellee.

OPINION BY GAWTHROP, J., July 8, 1931:

This is an action of replevin for a washing machine. Defendant filed a counter-bond and retained possession of the property. Plaintiff got a judgment against defendant for want of a sufficient affidavit of defense and had a writ of inquiry to assess damages issued to the sheriff. The jury of inquisition found that plaintiff sustained no damages. On an application by plaintiff to the court below the finding of the jury was set aside and an alias writ was issued. The jury selected under this writ, after a hearing, found that the machine had "no market value." Plaintiff filed a petition to set aside the finding of this jury and requested the court to issue a third writ of inquiry. The court refused this petition on the ground that there was evidence before the second jury to sustain its finding.

The only assignment of error is to the discharge of plaintiff's rule to show cause why the verdict of the jury drawn under the second writ of inquiry of damages should not be set aside and why an alias writ should not be issued. The judgment for plaintiff for want of a sufficient affidavit of defense was an interlocutory judgment: Logan v. Jennings, 4 Rawle 355. It was therefore necessary before final judgment that the damages should be assessed by a jury, in order to inform the conscience of the court of the amount for which the final judgment should be entered:

Gesell's Appeal, 84 Pa. 238; Logan v. Jennings, supra; Watkins v. Phillips, 2 Wharton 209. The purpose of issuing a writ of inquiry was to ascertain the value of the washing machine. This was the only question before the jury: Miller v. Jackson, 38 Pa. Superior Ct. 477; see Section 7 of the Act of April 19, 1901, P. L. 88. If the conscience of the court was satisfied by the verdict of the second jury, he was warranted in accepting the verdict and in refusing to issue another writ of inquiry of damages. The granting or refusing of an alias writ of inquiry of damages, like the granting or refusing of a new trial, is a matter largely within the discretion of the court below, which we will not review except in a clear case of abuse of that discretion. After examining the testimony presented before the second inquest, we are persuaded that the court below did not abuse its discretion in refusing to issue a third writ of inquiry. While the evidence would have warranted a finding that the washing machine had a substantial value, it also supports a finding that it had no substantial value. But, having accepted the verdict of the second jury, it was the duty of the court to enter a final judgment in favor of plaintiff and against defendant. Even if the finding of the inquest was that the washing machine had no value at the time it was returned to defendant upon the filing of the counter-bond, it does not follow that plaintiff is not entitled to a judgment for a nominal amount, which would carry costs. The effect of the interlocutory judgment was to establish plaintiff's cause of action and his right to damages for the injury to his legal right, although the damages might be merely nominal. Where a legal wrong is established at least nominal damages are properly awarded: Eckman v. Lehigh & Wilkes-Barre Coal Co., 50 Pa. Superior Ct. 427; Bigham v. Wabash-Pittsburgh Ry. Co. 223 Pa. 106.

The question whether the order appealed from is a final judgment from which an appeal lies was not raised by appellee, and we do not decide it.

The order is affirmed and the record remitted to the court below with directions to enter judgment against the defendant for nominal damages.