434 A.2d 122

**Ronald C. SANDS and Evelyn L. Sands, his wife, Appellants,**

**v.**

**Joseph I. FORREST and Ruth B. Forrest, his wife.**

Superior Court of Pennsylvania.

Argued Jan. 6, 1981.

Filed Aug. 14, 1981.

Kenneth E. Sands, Jr., Reading, for appellants.

Peter F. Cianci, Reading, for appellees.

Before PRICE, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

During the trial of a trespass action for fraud and deceit, the trial court found that plaintiffs had alleged an incorrect measure of damages, denied a motion to amend the averment of damages, and directed a verdict for defendants

because plaintiffs had failed to prove damages. This appeal was taken from the judgment entered following a denial of plaintiffs' motion for new trial.

The transaction which gave rise to the instant litigation was the purchase of a farm property in rural Berks County. The property was shown to appellants, Ronald C. and Evelyn L. Sands, by a realtor in the summer of 1973. An agreement of sale was signed in October, 1973, and allocated a purchase price of $85,000.00 between real estate ($60,000.00) and personalty ($25,000.00). The items of personalty included swimming pool equipment, wooden fencing for a riding area, storm windows and screens. After appellants took possession of the property, they found it to be in need of substantial repair and also found that they had not received various items of personalty which they expected to receive. An action based on fraudulent misrepresentations allegedly made by the sellers, Joseph I. and Ruth B. Forrest, was commenced, in which appellants claimed as damages the costs of making necessary repairs to the real estate and the costs of acquiring the missing personalty. These damages were alleged to be $40,000.00.

At trial, appellants showed that appellees had represented the property to be in good condition and had said that the barn was supplied with water and electricity, that storm windows and screens were stored on the premises, and that the wooden riding ring was being sold with the real estate. Mr. Sands also testified that he had been told by appellees that no flooding had occurred on the property, that roof leaks had been repaired, and that the swimming pool was in perfect condition. These representations, appellants contended and their evidence attempted to show, were false.[1] When appellants attempted to show the cost of repairing the premises and replacing missing personalty, appellees objected that the cost of making repairs was not the proper

---

1. Among the defects shown by appellants were cracks in the pool, unpainted and cracked interior walls, water leakage, and stains from flooding. Listed as missing were the mailbox, storm windows and screens, lighting fixtures, the fence for the riding ring, pool equipment, television jacks, and building supplies.

measure of damages. The trial court sustained the objection, holding that the correct measure of damages was the difference between the actual value of the property and its value if it had been as represented by appellees. Appellants' counsel thereupon moved to amend the complaint and offered to produce evidence of the value of the property in the condition found by appellants when they took possession. The motion was denied, appellants were forced to rest, and a directed verdict was entered in favor of appellees.

■ The law in Pennsylvania is clear that in an action for fraud and deceit the measure of damages is the difference in value between the real, or market, value of the property at the time of the transaction and the higher, or fictitious, value which the buyer was induced to pay for it. *Tilghman v. Dollenberg*, 418 Pa. 604, 213 A.2d 324 (1965); *Neuman v. Corn Exchange National Bank and Trust Co.*, 356 Pa. 442, 51 A.2d 759 (1947); *Peters v. Stroudsburg Trust Co.*, 348 Pa. 451, 35 A.2d 341 (1944). See also: *Baldassari v. Baldassari*, 278 Pa.Super. 312, 420 A.2d 556 (1980); *Kaufman v. Mellon National Bank and Trust Co.*, 366 F.2d 326 (3rd Cir. 1966); *Miller v. Bare*, 457 F.Supp. 1359 (W.D.Pa.1978).

■ Although the trial court correctly determined the proper measure of damages, it erred when it entered a directed verdict for appellees because of appellants' failure to prove damages in accordance therewith. In the first place, appellants' failure to prove damages was not determinative of the substantive issue of appellees' alleged liability for fraud and deceit. If plaintiffs were entitled to a verdict on the cause of action alleged, but were unable to prove damages, they were nevertheless entitled to a verdict for nominal damages. See: *Kassab v. Central Soya*, 432 Pa. 217, 236, 246 A.2d 848, 857 (1968); *Duke & Company v. Anderson*, 275 Pa.Super. 65, 70, 418 A.2d 613, 617 (1980); *Nemitz v. Bell Telephone Co. of Pennsylvania*, 225 Pa.Super. 202, 310 A.2d 376 (1973); *R. & B. Electric Co. v. Leventry*, 102 Pa.Super. 353, 156 A. 581 (1931).

■ In addition, appellants should have been permitted to amend their complaint to allege a correct measure of damages. Pa.R.C.P. 1033 provides as follows:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

The allowance of an amendment is within the discretion of the trial court. *Berman v. Herrick*, 424 Pa. 490, 227 A.2d 840 (1967); *Junk v. East End Fire Dept.*, 262 Pa.Super. 473, 396 A.2d 1269 (1978). The right to amend, however, should be liberally granted unless prejudice to the adverse party or an error of law would result. *Berman v. Herrick*, supra; *Posternack v. American Casualty Co. of Reading*, 421 Pa. 21, 218 A.2d 350 (1966); *Cingota v. Milliken*, 286 Pa.Super. 117, 428 A.2d 600 (1981). Amendments should be allowed even if proposed during trial. *APCL & K, Inc. v. Richer Communications, Inc.*, 241 Pa.Super. 396, 361 A.2d 762 (1976); *Willinger v. Mercy Catholic Medical Center of Southeastern Pennsylvania, Fitzgerald Mercy Division*, 241 Pa.Super. 456, 362 A.2d 280 (1976), aff'd, 482 Pa. 441, 393 A.2d 1188 (1978). Whenever possible, courts should obtain determinations of cases on their merits. *Gregg v. Gacon Construction Co.*, 249 Pa.Super. 377, 378 A.2d 344 (1977); *Cianchetti v. Kaylen*, 241 Pa.Super. 437, 361 A.2d 842 (1976).

Defective averments of damages are among the errors which are frequently corrected by amendments. See generally 2B Anderson Pennsylvania Civil Practice § 1033.18(c), pp. 175–178; 2 Goodrich Amram 2d § 1033:4.1, pp. 372–374. "When a plaintiff avers a good cause of action, but makes a mistake as to the measure of damages to which he is entitled or sets forth the wrong measure of damages, a change in the measure of damages alone ... does not amount to the introduction of a new cause of action and is always proper."

3 Standard Pennsylvania Practice § 37, p. 714 (footnotes and citations omitted). This court has held that it is reversible error to refuse to permit a plaintiff to amend to a measure of damages acceptable to the court where the defendant is not prejudiced thereby. *Bell v. Shetrom*, 214 Pa.Super. 309, 257 A.2d 323 (1969). Particularly compelling in *Bell* was the fact that the denial of the amendment resulted in the grant of summary judgment for the defendant. There, as in the instant case, plaintiffs were effectively put out of court by the refusal to permit them to amend their complaint to aver a proper measure of damages.

■ "Prejudice that would prevent the grant of an amendment must be . . . something more than a detriment to the other party 'since any amendment almost certainly will be designed to strengthen the legal position of the amending party and correspondingly to weaken the position of the adverse party . . . . To make the advantage sought by an amendment operate as a bar to amendment would be to destroy the right to amend except in cases when the moving party would have no reason to amend.'" *Cellutron Products Corp. v. Stewart*, 223 Pa.Super. 391, 394, 300 A.2d 900, 901–902 (1972). The test, therefore, is whether the prejudice would go beyond "that which would normally flow from the allowance of an amendment." *Cellutron Products Corp. v. Stewart*, Id., 223 Pa.Super. at 394, 300 A.2d at 902.

■ In the instant case, the record discloses no prejudice that would justify the court's denial of appellants' proposed amendment. The trial court concluded that to allow appellants' amended damage claim would be to prejudice appellees by requiring them to employ real estate appraisers to rebut appellants' testimony. Whether expert appraisals had previously been prepared for appellees and whether appellees were then prepared to proceed to rebut appellants' evidence does not appear. However, if appellees required additional time to prepare because of new averments of fact which were contained in the amendment, the more prudent course would have been to allow a continuance rather than to deny an amendment which put plaintiffs out of court. *Gregg v. Gacon Construction Co.*, supra.

54

We are forced to conclude, therefore, that the denial of appellants' motion to amend the averment of damages was an abuse of discretion. This was particularly so where, as here, the refusal to allow the amendment resulted in putting appellants out of court.

The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.