## Flamino v. Flamino

*Daniel I. Herman,* for plaintiffs.
*Gabriel P. Cilli,* for defendants.

McCRACKEN, *P.J.,* February 25, 1991—Before us are preliminary objections to a complaint in which plaintiffs aver that defendants fraudulently prepared a deed purporting to transfer to third parties a parcel of land in Lawrence County jointly owned by plaintiffs and defendants, allegedly by forging the signatures of plaintiffs on the deed. The complaint seeks both compensatory and punitive damages. Defendants, by their preliminary objections, raise two issues: whether the complaint must be stricken for lack of a verification and whether plaintiffs have pled enough facts to state a claim for punitive damages. We find both preliminary objections to be lacking in merit and will dismiss them.

The original complaint, filed on October 1, 1990, did not contain the verification required by Pa.R.C.P. 1024(a). Separate verifications were filed, however, on December 28, 1990, one by plaintiff Connie Flamino, one by plaintiff Chester Flamino, in his personal capacity, and one by Chester Flamino pursuant to a power of attorney given him by the other plaintiffs in 1987 and recorded in the Lawrence County Recorder's Office on November 6, 1990 in Record Book 953, page 595. This verification serves to fulfill the requirement of Pa.R.C.P. 1024(c) that the pleading be verified by "one or more of the parties." Since Chester Flamino is one of plaintiffs, his verification, without more, will suffice to satisfy this rule. (The same could be said of the verification of Connie Flamino.) And the fact that the verification was filed later, after the preliminary objections had been filed, does not prevent it from curing those objections. *Hercoform Marketing v. Brown,* 75 D.&C. 2d 394 (1975).

Defendants' counsel at oral argument took the position that verification was nonetheless defective because the power of attorney does not contain the signatures of all plaintiffs and because it was not recorded until the preliminary objections were pending. However, even assuming that the power of attorney is defective in either or both of these respects, the validity of the verification is still unaffected. That is because Rule 1024(c), as we have already noted, calls for verification to be made by "one or more of the parties" unless all of them, through absence or lack of knowledge, are incapable of verifying personally. Thus, as long as one party with knowledge of the facts verifies, there is no need for a separate verification by any other party whose cause of action is identical to that of the verifying party. This is a matter which this court has dis-

cussed twice in recent years. See our opinions in *Savings and Loan Assurance Corp. v. Newcom Associates,* no. 630 of 1987, C.A. (December 28, 1987), and *Conti v. Conti,* no. 180 of 1989, Equity (April 9, 1990). In this case, the personal verification of Chester Flamino, one of the named plaintiffs, (all of whom are bringing the same cause of action) is sufficient to satisfy the requirement of Rule 1024, even without the power of attorney. Accordingly, the motion to strike the complaint for lack of verification must be denied.

Turning to the demurrer, in which defendants claim that the demand for punitive damages must not stand, we observe that defendants' claim is based on their contention that punitive damages are not ordinarily recoverable for a fraudulent sale of land. However, the cases on which defendant relies do not, on close examination, support this broad proposition. *Savitz v. Weinstein,* 395 Pa. 173, 149 A.2d 110 (1959); *Neuman v. Corn Exchange National Bank,* 356 Pa. 442, 51 A.2d 759 (1947); and *Sands v. Forrest,* 290 Pa. Super. 48, 434 A.2d 122 (1981), deal with the measure of damages for a fraudulent sale to a buyer and hence do not apply to this case. *Delahanty v. First Pennsylvania Bank,* 318 Pa. Super. 90, 464 A.2d 1243 (1983), while adhering to the usual measure of damages for a breach of contract, noted that intentional fraud, in any context, is generally equal to outrageous conduct such as would justify punitive damages. And in *Weir v. Rahon,* 279 Pa. Super. 508, 421 A.2d 315 (1980), fraud on the seller's part was never proven.

This case, however, does not involve a breach of contract or an allegation of fraud on the part of a seller toward a buyer. It involves the alleged forgery of a deed and sounds in tort, not in contract. While punitive damages are not awarded for a breach of

contract, even an intentional one, they may be awarded for a tort that is committed with malice, wantonness, or oppression. *Daniel Adams Associates v. Rimbach Publishing,* 287 Pa. Super. 74, 429 A.2d 726 (1981); *Myers Real Estate v. Slabaugh,* 17 D.&C. 3d 746 (1981); *Simon v. Technical Development Co.,* 63 Delaware Rep. 94 (1975).

The complaint in this case states that defendants entered into an oral contract with third parties with no notice to any of plaintiffs, that defendants forged a deed to the jointly owned land without plaintiffs' knowledge, and thereby sold the land for $40,000. Thereby, the complaint states plaintiffs lost all of their interest in the land, including future rental income, without any compensation to them as the result of defendants' fraudulent activities. This is unquestionably an allegation of outrageous and malicious conduct such as would justify punitive damages. The demand for such damages will therefore be allowed to stand.

All preliminary objections will be dismissed.

## ORDER OF COURT

Now, February 25, 1991, the preliminary objections of defendants are hereby dismissed. Defendants will have 20 days from the date of this order within which to file a responsive pleading.