## Erie and Pittsburgh Railroad Co. *versus* Douthet.

A railroad company agreed to give to D., during his life, a free pass over its road for himself and family. The railroad company subsequently refused to comply with its agreement, and D. brought an action to recover damages for the breach of the agreement. *Held*, that the pass, being the principal feature of the contract was therefore made its chief subject, for it was the document to be furnished as the evidence of the plaintiff's right, and that no other rule could be applied to the case but damages for the refusal of the pass as the only cause of action, and this being single, to be compensated by such damages as a pass for life for D. and family would be worth. And that while it was difficult to estimate its value, because of the length of life and the number of passages D. and his family might demand, yet certainty must be approximated to as closely as the nature of the case would admit.

November 28th 1878. Before Agnew, C. J., Sharswood, Gordon, Paxson and Trunkey, JJ. Mercur and Woodward, JJ., absent.

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1878, No. 303.

Case by William Douthet against the Erie and Pittsburgh Railroad to recover damages for the breach of an agreement to furnish plaintiff for life with a pass for himself and family over defendants' railroad. Douthet, by deed, wherein the recited consideration was one dollar, gave to the defendant company a right of way over his land. The company further agreed, through its president, by parol, as a further consideration therefor, to furnish plaintiff with a pass for himself and family during his life. This agreement was carried out until 1874, when, upon the refusal of the company to furnish him with the pass as usual Douthet brought this action.

At the trial before Church, P. J., the second point submitted by plaintiff was as follows, to which is appended the answer of the court :—

That the measure of damages in this case is the value of a pass for the plaintiff and his family, over the line of the defendant's road, from the time of the refusal by the defendant during the probable remainder of the plaintiff's life.

Ans. "That we answer in the affirmative. As we have said, the difficulty is in arriving at a proper value, a system or theory upon which to arrive at the present money value of that pass. That is the difficulty in this case."

The fourth point of defendant and the answer thereto, were as follows :—

The measure of damages, if any, would be the actual amount expended by plaintiff for fares, and he would not be entitled to claim damages because of non-travel.

Ans. "The first part of that we answer in the negative. The latter part we would affirm as an abstract proposition that he

would not be entitled to claim damages because of non-travel, but he is entitled to the pecuniary value of the annual pass. The pass may have been used for business or pleasure. You will take into consideration the number and character of his family; whether necessity or desire for pleasure would lead him or his family to go often or less frequently, or for what distance they would, for business or pleasure, be apt to travel."

In the general charge, the court, inter alia, said :—

" You are to take into consideration the surrounding circumstances of Mr. Douthet and his family; whether it would be possible that they would have occasion, for business or pleasure, to use the pass to Jamestown, New Castle and Greenville." Also, " In determining the pecuniary value of this annual pass, it is your duty to take into consideration the station in life of Mr. Douthet, and his *age*, because this was an annual pass during his *life*."

Verdict for plaintiff for $500, when defendant took this writ, among his assignments of error being the answers to the above points, and the portion of the charge noted.

*J. Ross Thompson,*·for plaintiff in error.—The contract was for the transportation of plaintiff and family, and on failure of defendants the measure of damages, as in all other cases, would be simply what it would cost the party claiming the breach of contract to be put in the same position as if the contract had been carried out. The doctrine of the measure of damages as to failure of common carriers to transport merchandise is well-settled in O'Conner *v.* Forster, 10 Watts 418; McGovern *v.* Lewis, 6 P. F. Smith 231; Fessler *v.* Love, 12 Wright 407; Adams Express Co. *v.* Egbert, 12 Casey 360; Pennsylvania Railroad *v.* Titusville & Pitt Hole Plank Road Co., 21 P. F. Smith 350.

Suppose the railroad company, instead of agreeing to carry the plaintiff and family free during his life, had agreed to carry all the grain raised on his farm free, what would, in case of failure to perform this contract, be the measure of damages ? Clearly just what it would cost him to get his grain transported to the points agreed to be carried to by the railroad. Why should there be any difference ? The question is not one of injury but simply of non-transportation. Suppose, again, that the contract was for grain, and the plaintiff below one season raised no grain, consequently had none for transportation, could he say to the railroad, I had no grain for transportation, and you must pay me at the rate of $150 ? The contract is a continuing one and the defendants would be liable for every breach and the plaintiff could recover for every breach as it occurred, but certainly not for those which are in anticipation or the future. A pass is only of value when used.

[Chief Justice AGNEW.—This is not a· contract to pass plaintiff

[Erie & Pittsburgh Railroad Co. v. Douthet.]

free but to give him that thing which will entitle him to be carried free when presented to the officers of the company. He has the right but no evidence of the right. Suppose this evidence of the right is refused, what then?]

Mr. *Thompson.*—The party pays his fare, rides to his place of destination, and then sues the company for the price of the ride. A pass has no value except that it enables the party to ride. Its value can only be ascertained by the number of times the party is refused a ride. The true measure of damages, therefore, would be the number of times the party had to pay his fare.

[Chief Justice AGNEW.—The question is what is the value or measure of damages for a breach of contract to issue a certain instrument which is a right for a certain thing.]

Mr. *Thompson.*—We contend the pass has no value. Could a man recover for the prospective use of the pass? The value of the pass depends upon its use; if never used it is of no value. It is only valuable because it is evidence of a right to ride.

*J. B. Brawley,* for defendant in error.—The contract was to furnish the plaintiff a pass for himself and family during his life. The breach was in refusing to furnish such a pass. The breach was final, and the damages must necessarily be so also. The question then arises whether the action should be for the whole breach and damages be given accordingly. This must depend upon the entirety of the contract: 3 Pars. on Con., p. 187. The contract in this case was entire, both in fact and in contemplation of law. A contract is entire if the consideration be single, whatever the number or variety of items embraced in its subject: Gootsman *v.* Pennsylvania Ins. Co., 6 P. F. Smith 210; McClurg *v.* Price and Sims, 9 Id. 420.

In Shaffer *v.* Lee, 8 Barb. 412; Royalton *v.* R. & W. Turnpike Co., 14 Vt. 311, it is evident that but one action could be sustained for a breach of the contract given in evidence. When the claims arise from an entire contract * * * the law will not permit it to be divided into distinct demands and made the subject of separate actions: Carvill *v.* Garrigues, 5 Barr 153; Logan *v.* Caffray, 6 Casey 200; Hess *v.* Heeble, 6 S. & R. 57; Smith *v.* Jones, 15 Johns. 229; Farrington *v.* Payne, Id. 432.

The judgment of the Supreme Conrt was entered, January 6th 1879,

PER CURIAM.—This is rather an uncommon case. The agreement of the defendants was to give the plaintiff a pass over their railroad for himself and his family for his lifetime, as the consideration of his release of the right of way over his land. The pass was given for awhile, and then refused, and this action was to recover damages for their breach of contract.

The contract was not simply for a right to ride free upon the rail-

[Erie & Pittsburgh Railroad Co. *v.* Douthet.]

road.  Possibly if in those terms the plaintiff might recover damages for each refusal, or combine his claims for damages for each refusal in a single action to cover any period, as a quarter or a year.  But the contract being for a pass, or in other words a free ticket, this document was the principal feature in the bargain.  It is obvious that a mere contract to ride free of charge would subject both parties to inconveniences.  The company of necessity must operate its road by agents, viz., conductors of trains, and would be liable to suits through the mistakes or ignorance of their servants. So, too, the plaintiff without the evidence of his right would be liable to be refused often when his business might be most urgent.  But a pass or free ticket would relieve both parties from difficulty.  The pass being the principal feature of the contract was therefore made its chief subject, for it was the document to be furnished as the evidence of the plaintiff's right.  Hence we see no other rule to be applied to the case but damages for the refusal of the pass, as the only cause of action, and this being single, to be compensated by such damages, as a pass for life for himself and family would be worth.  It is true it is difficult to estimate its value because of two uncertainties—one the length of life, and the other, the number of passages he and his family would probably demand.  Still this uncertainty, like many others, must be made to approximate certainty as closely as the nature of the case will admit of.  The burthen of proof lay on the plaintiff, who knew the number of his family, and the customary number of trips made by himself and them.

Upon the whole, we see no manifest error in the record.

Judgment affirmed.