208    98
Case 2
41SC1627

## Winslow Brothers Company *v.* DuPuy, Appellant.

*Contract—Evidence—Appeals—Review.*

The Supreme Court will not reverse a judgment on a verdict for plaintiff in an action of assumpsit where the evidence as to the existence of a contract between the parties is conflicting, and the court has submitted the whole controversy to the jury in a clear and ample charge, free from error.

*Contract—Measure of damages.*

In an action for a breach of contract because of failure of the defendant to take materials ordered, the measure of damage is the difference between the sum which it would have cost the plaintiff to manufacture and erect the material, and the price which the defendant agreed to pay for it.

Argued Nov. 11, 1903. Appeal, No. 29, Oct. T., 1903, by defendant, from judgment of C. P. No. 3, Allegheny Co.,

Aug. T., 1899, No. 763, on verdict for plaintiff in case of Winslow Brothers Company v. Herbert DuPuy. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit for breach of contract. Before EVANS, J.

At the trial it appeared that in 1899, the defendant was constructing a large building in the city of Pittsburg. Plaintiffs offered evidence tending to show that they had agreed to furnish ornamental iron work for an aggregate amount of $18,500. This evidence was contradicted by the defendant.

Plaintiff made an offer as follows :

It is agreed that the difference between the cost of the manufacture and delivery of the material specified in the contract alleged by the plaintiff, and the contract price, would have been $3,000. This admission being made subject to the objection that the evidence is incompetent and irrelevant and does not set up a proper measure of damages, it being too remote and speculative.

Defendant objected.

The Court : We will overrule the objection. To which ruling counsel for defendant requests an exception.

Exception allowed and bill sealed. [1]

Defendant's points were as follows :.

5. That if the jury believe that the authority given by DuPuy was to make a contract with Page for both the ornamental iron work and mail chute at $18,500 and that he never modified this authority, then the proposal would have been accepted as made, and there is no evidence to show such acceptance and the verdict must be for the defendant. *Answer :* Refused. There is no evidence that the architects exceeded their authority in their offer to Page. [2]

6. That under all the evidence the verdict must be for the defendants. *Answer :* Refused. [3]

Verdict and judgment for plaintiff for $1,850. Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions ; (2, 3) above instructions, quoting them.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellant.

*George E. Shaw*, of *Reed, Smith, Shaw & Beal*, for appellee.

OPINION BY MR. JUSTICE POTTER, January 4, 1904:

This case turned upon disputed questions of fact. Whether or not a proposition was made by the agent of the defendant to the agent of the plaintiff company. Whether or not it was made to him individually, or as representing the plaintiff. Whether or not the proposition was withdrawn before its acceptance. Was the acceptance in the terms of the offer as made?

These questions were all submitted to the jury, in a clear and ample charge, which touched upon every phase of the controversy. The assignments of error contain nothing which would be ground for a reversal of the judgment, and the argument upon behalf of the appellant does not tend to sustain them. The verdict of the jury must be accepted as establishing the facts in accordance with the contention of the plaintiff. It cannot be said that the measure of damages laid down by the court included any speculative profits. The jury were limited to the difference between the sum which it would have cost the plaintiff company to manufacture and erect the material, and the price which the defendant agreed to pay for it. The attention of the jury was called to the testimony bearing upon this point, and to the fact that the price of materials and labor had advanced before the time of performance. The court affirmed all the points which counsel for appellant presented, asking for special instructions to the jury. When the verdict is considered in the light of the evidence, it shows that the view taken by the jury was conservative.

The assignments of error are overruled and the judgment is affirmed.