## Murphy *v.* Pitt  Construction  Company, Appellant.

*Contract—Breach—Rescission—Measure of damages.*

1.  In an action to recover damages for breach of a contract to quarry and crush stone, which the plaintiff had agreed to perform but which the defendant did not permit him to perform, the plaintiff may show as an element of damages that by reason of the action of the defendant, his crushing machine had been idle for forty days, that he had shipped it to the place where the work was to have been done, and that he had lost two other opportunities to use the machine because of his contract with the defendant.

2.  In such a case compensation for the actual loss of the plaintiff by reason of the preparations he made for the carrying out of his contract is the measure of damages.

3.  Plaintiff's own evidence, without more, as to the idleness of the crusher, is sufficient to carry the case to the jury.

Argued Oct. 21, 1912.   Appeal, No. 183, Oct. T., 1912, by defendant, from judgment of C. P. Franklin Co.,

Sept. T., 1911, No. 282, on verdict for plaintiff in case of William H. Murphy v. Pitt Construction Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for breach of contract. Before GILLAN, P. J.

At the trial there was evidence that defendant had contracted with the plaintiff that the latter should quarry and crush stone for the construction of a sewage destruction plant at Chambersburg, and that the defendant had subsequently refused to permit defendant to do the work. When the plaintiff was on the stand he was asked this question: "Q. How long was this crushing outfit idle by reason of that refusal?"

Mr. Bowers: That question is objected to because any claim for loss by reason of the crushing outfit being idle is not money expended in preparation for the contract, and is not within the rule adopted by the courts for the estimation and determination of damages in cases of this character.

The Court: The objection is overruled; the question is allowed; exception to the defendant. [5]

The Witness: "A. Well, we quit down there on the 4th of May, and we did nothing with the crusher until about the first of July."

The Court: "Q. How many days was it? A. Well, it would be ——"

Mr. Hoerner: "Q. How many working days was this crushing outfit idle by reason of the defendant refusing to permit you to use it? A. I would say forty days. Q. Are you acquainted with the rental value of crushing outfits? A. Yes, sir. Q. What was the rental value of this crushing outfit the defendant refused you to use?"

Mr. Bowers: That question is objected to because any such alleged damages are not recoverable under this narr. filed in this case, not falling within the class of alleged damages recoverable, and not being in their nature either outlay or expense incurred in the preparation for the work.

The Court: The objection is sustained.

Mr. Hoerner: "Q. How much did you lose by reason of this crusher being idle during the period?"

Mr. Bowers: This question is objected to, first, because the damages suggested to are not within the category of those recoverable for reasons given in the former objection.    Second, because the question calls for an answer entirely too general, and does not indicate what elements are to be taken into consideration so that neither court nor counsel can determine whether or not the elements taken into account by the witness are proper elements of damage or not.

The Court: The objections are overruled; the evidence is admitted; exception to the defendant. [6]

The Witness: "A. Four hundred dollars."

Mr. Hoerner: "Q. You would not have moved that crushing outfit to Chambersburg had it not been for this contract?  A. No, sir, not at that time.  Q. What freight and other expenses were incurred by you in the moving of it?  A. Twenty dollars."

The Court: "Q. Was your crushing outfit in use at Carlisle?  A. Yes, sir.  Q. Had you work for it those forty days?  A. No, sir, but we had another place for it at Mont Alto.  Q. What could have been realized at Mont Alto from working it there?  A. Well, just at Mont Alto about $100, but we had two other places to work it as soon as we were through there.  Q. What could you have realized out of it per day if you had worked it for forty days?  A. We could have realized $10.00 a day."

Verdict and judgment for plaintiff for $540.  Defendant appealed.

*Errors assigned* among others were (5, 6) **rulings** on evidence, quoting the bill of exceptions.

*Charles Walter,* of *Walter & Gillan,* with him *O. C. Bowers,* for appellant, cited: Meacham v. Gardner, 27 Pa. Superior Ct. 296; United States v. Behan, 110 U. S. 338 (4 Sup. Ct. Repr. 81).

*William S. Hoerner*, with him *Sharpe & Elder*, for appellee, cited: Rogers v. Davidson, 142 Pa. 436; L. & N. R. R. Co. v. Hollerbach, 105 Ind. 137 (5 N. E. Repr. 28).

OPINION BY HENDERSON, J., February 27, 1913:

The plaintiff's action is for damages for refusal by the defendant to perform a contract entered into by it with the plaintiff according to which the latter agreed to quarry and crush stone to be used in a structure which the defendant was erecting for the borough of Chambersburg. The work was to have been undertaken on May 15, and completed prior to October 1, 1911. When the contract was made the plaintiff had a stone crusher in use at Carlisle. For the purpose of carrying out his contract he shipped this crusher to Chambersburg and was in the act of removing it to the location where it was to be used when on May 12, Mr. Wilcox, a representative of the defendant, notified him not to take the crusher to the place where the stone was to be crushed until he received further notice, and on the next day he gave the plaintiff a similar notice and informed him that the defendant would quarry and crush the stone. Thereupon, the plaintiff, having waited a reasonable time without further direction from the defendant to proceed with the contract, treated the same as rescinded by the defendant and brought his action to recover damages. Different items of loss were proved, but the only one involved in this appeal relates to the claim for compensation for the loss of the use of the crushing outfit for a period of forty days during which it was idle. The question is raised by the first, second and fourth assignments. The evidence admitted was testimony of the plaintiff showing what the rental value of the crusher was during that time. He said that it was in use at Carlisle on a contract which the plaintiff was there performing and that two other opportunities to use the machine were rejected because of the contract existing between the plaintiff and the defendant and that by reason of the rejection of these con-

tracts and the refusal of the defendant to permit the plaintiff to proceed with the work at Chambersburg the crushing machine was idle for the period named. The learned trial judge was of the opinion that the case of Rogers v. Davidson, 142 Pa. 436, made this evidence competent and the defendant's objections were overruled. It is conceded that the plaintiff could not recover profits which he could prove he might have made out of his contract. The action is not in affirmance of the contract but for a rescission brought about by the default of the defendant. In such case compensation for the actual loss of the plaintiff by reason of the preparations he made for the carrying out of his contract is the measure of damages. This is the rule stated in Rogers v. Davidson, 142 Pa. 436; American Life Ins. Co. v. McAden, 109 Pa. 399; Meacham v. Gardner, 27 Pa. Superior Ct. 296, and other cases. This rule we think would fairly cover the plaintiff's claim for the rental value of the crusher. It was a part of the equipment required to carry out his contract. It became necessary to move it and other apparatus from the place where it was in use to the new location. The plaintiff was deprived of its use because of the interference of the defendant, the notice to him not to set up the machinery until he heard further from the defendant and the final withdrawal from the contract by the latter. This conduct of the defendant subjected the plaintiff to the loss of other contracts in which the crusher might have been used and was as real, substantial and definite a loss as that which he sustained in making preparation to feed his teams or in moving his outfit from Carlisle. It was part of the loss involved in his preparation to do the work. In Erie City Iron Works v. Barber, 106 Pa. 125, the plaintiff who was the owner of a mill injured by the explosion of a boiler, the sufficiency of which had been guaranteed by the maker, was permitted to recover the rental value of the premises during the time required to repair, as part of the damages, and this principle we consider applicable here. The claim is not for the profit

which might have been recovered on a contract in the performance of which the machine was used but is for the idleness of the machine during a time when the plaintiff could have had the use of it which use he was deprived of by the defendant. This loss resulted directly from the efforts made by the plaintiff to carry out his undertaking. He needed the machine; he refused other opportunities to use it and the defendant prevented him from setting it up to do its work. We have not been shown any authority which would deny him compensation on such a state of facts and we see nothing unreasonable in the nature of the claim. The jury has found in favor of the plaintiff on his allegations of fact and we regard the conclusion of the court below as in accord with the evidence.

It is further contended that the evidence of the plaintiff with respect to his contract is not sufficient to support the verdict for the part of the claim represented by the idleness of the crusher. The only evidence on this subject is that of the plaintiff himself, but that is competent evidence and is not contradicted. The court would not have been warranted in saying that his evidence was not sufficient to take the case to the jury. If that part of the claim is a legitimate element of damage the plaintiff's testimony carried the case to the jury.

The assignments are overruled and the judgment affirmed.