## Bastian, Appellant, *v.* Marienville Glass Co.

*Contract—Parol agreement—Province of court and jury.*

1. Where the terms of a contract are in parol and disputed, it is the province of the jury to determine the true understanding of the parties.

*Contract — Damages — Performance in future — Personal covenant —Termination —Notice —Damages —Measure —Speculative element —Guessing —Evidence —Nominal damages —New trial — Appeal.*

2. A recovery is not necessarily prevented, where there is a breach of contract to do something in the future, because a speculative element is unavoidably introduced; but there must be evidence from which the loss can be fairly ascertained, and not based on a general guess.

3. Where one party operating a manufacturing plant agrees with another party operating a hotel, to furnish a current of elec-

tricity as long as the first party maintains the plant and the second party controls the hotel, the covenant is personal and will not pass to the grantee or assignee of the covenantee.

4. Such obligation is dependent on the continued existence of the business of the covenantor, and may be terminated on reasonable notice.

5. An award of more than nominal damages for breach of such contract, cannot be established by proof of the depreciation in market value of the hotel property resulting from the withdrawal of the necessary current.

6. Nor can the damage be shown by the cost of a new plant installed in the hotel property, and this is particularly so where the new plant carried a much larger burden than involved in the lighting of the hotel.

7. The damages were of necessity limited to the loss resulting from deprivation of current for such period as was possible of determination. The money value of the current loss was the true test, as it was the only compensation which could be awarded.

8. Where the case admits of it, a party is not confined to a single mode of measuring or estimating his damages.

9. Where nominal damages might have been awarded for a breach of contract, but such damages were not asked for, the appellate court will not reverse for the omission.

10. A venire facias will not ordinarily be granted where the question of nominal damages is the only matter involved.

Argued September 30, 1924. Appeal, No. 107, Oct. T., 1924, by plaintiff, from judgment of C. P. Forest Co., Feb. T., 1923, No. 8, on verdict for defendant, in case of Joseph H. Bastian v. Marienville Glass Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of contract. Before ARIRD, P. J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendant. Plaintiff appealed.

*Error assigned* was, inter alia, direction for defendant, quoting bill of exceptions.

*George F. Whitmer,* for appellant.—The question upon the measure of damages is ruled by the case of West Chester & P. R. R. v. Broomall, 1 Sadler 587, 3 Atl. 444, 18 N. W. C. 44.

A party may resort to different means of estimating his damages to be judged of by the jury : Crozer v. Water Co., 148 Pa. 130 ; Dixon Woods Co. v. Glass Co., 169 Pa. 167 ; Rogers v. Davidson, 142 Pa. 436.

*M. A. Carringer,* with him *Alexander & Clark,* for appellee.

OPINION BY MR. JUSTICE SADLER, November 24, 1924 :

Bastian, the plaintiff, is the owner of a hotel property, and, desiring to light it by electricity, caused the building to be wired for that purpose. He entered into negotiations for the necessary supply of current with the Marienville Glass Company, a corporation primarily engaged in the manufacture of bottles. In 1915, it was orally agreed by the parties named that, if the plaintiff furnished an engine, a generator and dynamo would be supplied by defendant, and the plant be operated for their joint use. Dispute as to the terms of this contract gave rise to the present litigation. On the one hand, plaintiff claimed current was to be delivered to the hotel without cost "as long as there was a glass works in Marienville," the necessary replacements to be made from sums secured by the sale of surplus supply, while the company insisted the obligation was to continue only while Bastian kept installed such engine as was required for the operation of the machinery. Bastian bought and delivered an engine,—found later to be insufficient for the purpose designed,—which was afterwards removed from the building, and new equipment substituted at the cost of defendant. No sums available for necessary additions were obtained by disposal to outsiders. In 1922, the electric plant was destroyed by fire, and the supply of current theretofore furnished was necessarily

discontinued. The glass company rebuilt in the same year, but refused to recognize any duty to reconnect with the building of the plaintiff and give free service to him.

Bastian contended he was entitled to this so long as the manufacturing plant was operated, in consideration of the delivery of the engine first furnished in 1915, and his version of the understanding reached is, in part, borne out by other witnesses. Though a question for the jury, a reasonable interpretation of all the testimony indicates this privilege to have been dependent upon his supplying such engine as might from time to time be required for the operation of the plant,—unless the necessary replacements could be made from proceeds of sales to others, an anticipated source of revenue which did not materialize. He brought this action to recover damages for breach of the alleged contract. No claim was made for the period following the destruction of the building by fire, but recompense was demanded for the loss occurring after its reconstruction, or which might be occasioned in the future. To sustain his right to a verdict, proof of the depreciation in market value of the hotel property was offered, as well as the actual expenditures made for the installation of an independent plant of larger capacity, and the cost of its permanent maintenance. The court below was of the opinion that no proper proof had been submitted as a guide to the jury in estimating the possible damage, even if the provisions of the agreement were as insisted upon by plaintiff, and gave binding instructions for the defendant. From the judgment subsequently entered in its favor, this appeal is prosecuted.

It is the province of the jury to determine the true understanding, when the terms of the contract are in parol and disputed: Kent v. Fishblate, 247 Pa. 361; Winslow Glass Co. v. DuPuy, 208 Pa. 98; Hagan Lumber Co. v. Duryea School Dist., 277 Pa. 345. If it found the agreement to be as claimed by the plaintiff, and that a free supply of electricity was to be furnished to him

so long as the glass company continued in business, then he was entitled to damages upon discontinuance of the service, provided proof was presented by which the loss could be properly measured. The testimony of the plaintiff alone may furnish sufficient data to justify a verdict (Murphy v. Pitt Construction Company, 52 Pa. Superior Ct. 316), and a recovery is not necessarily prevented, where there is a breach of a contract to do something in the future, because a speculative element is unavoidably introduced (Williams v. Philadelphia, 208 Pa. 282), but there must be some evidence from which the loss can be fairly ascertained: Lentz v. Choteau, 42 Pa. 435. In any case, the proof must be sufficiently certain so as to make any verdict for other than nominal damages rest on more than a mere guess.

Here, plaintiff claimed the right to a supply of current for an indefinite period, to be continued so long as the defendant maintained its plant and Bastian controlled the hotel building, for it will be observed the covenant was personal as to him, and would not pass to his grantee or assignee: Frankfort & C. Ry. Co. v. Jackson, 153 Ky. 534, 156 S. W. 103. Assuming the version of the contract insisted upon by him to be correct, the terms of the understanding were shrouded in uncertainty. How long the obligation remained was dependent on the continued existence of the corporate business of the defendant, and it could terminate the duty by giving reasonable notice to that effect: McCullough-Dalzell Crucible Co. v. Philadelphia Co., 223 Pa. 336; Bellevue Borough v. Ohio Valley Water Co., 245 Pa. 114; Turtle Creek Borough v. Penna. Water Co., 243 Pa. 415; Joliet Bottling Co. v. Joliet C. B. Co., 254 Ill. 215, 98 N. E. 263, 6 R. C. L. 646. The same rule is applied where contracts of service for an undetermined time are involved: Coffin v. Landis, 46 Pa. 426; Kirk v. Hartman, 63 Pa. 97. In this case, damages are asked for the loss of electric service in the future, though the defendant's plant might at any time

be dismantled, as it was after the fire, when, admittedly, any liability to furnish current ceased until rebuilding.

The effort to sustain an award consisted of offers to show the depreciation in the market value of the hotel property resulting from the withdrawal of the necessary current, and, again, to show the cost of installing a separate plant,—of greater capacity,—together with the expense of operating it in the future. "There is no doubt that a party is not confined to a single mode of measuring or estimating his damages. Where the case admits of it, he may resort to different means of arriving at the result, and these must be judged of by the jury, with proper instructions if necessary to aid them in reaching the conclusion contemplated by the suit, to wit, the amount of loss sustained in consequence of the injury": Rogers v. Bemus, 69 Pa. 432, 436.

The first class of proof offered was clearly incompetent in a case of this character, the privilege being personal and liable to withdrawal at any time. Such a determination was reached in Eckington & S. H. R. R. Co. v. McDevitt, 191 U. S. 103, where, in consideration of the grant of a right-of-way, certain undertakings as to extensions of the proposed railway line to property of plaintiffs were entered into, and a failure to comply therewith shown. Nor could the jury base its estimate on the cost of the new plant built by Bastian, and expenditure for its upkeep, particularly in view of the fact that it was constructed to carry, and did carry, a much larger burden than involved in the lighting of the hotel. The damages were of necessity limited to the loss resulting from deprivation of current for such period as was possible of determination. It would evidently be improper to permit an assessment on the basis of a loss of perpetual use, when the right might be terminated at any time. This is the conclusion reached by many courts where a like proposition has been presented: Frankfort & C. Ry. Co. v. Jackson, supra; Union Pacific Ry. Co. v. Travelers' Ins. Co., 83 Fed. 676; Texas & Pacific Ry.

Co. v. City of Marshall, 136 U. S. 393. The money value of the supply of current which defendant was bound to furnish is the only measure which could be adapted to the circumstances appearing here (Erie & P. R. R. Co. v. Douthet, 88 Pa. 243), for it is only compensation which can be awarded: Rogers v. Davidson, 142 Pa. 436; West Chester & P. R. R. Co. v. Broomall, 18 W. N. C. 44. No proof was presented in the present case by which the loss from the withdrawal of the electric service could be fixed, even if the jury found plaintiff entitled to a continuance of it under the contract. Any substantial award would have been mere speculation, and the court below, therefore, properly gave binding instructions for the defendant.

The recovery of nominal damages might have been permitted, if asked for, but no such request was made. This court will not reverse, however, for such omission, as this is at most a trifling error: 4 C. J. 1179. Where a property right is dependent on the determination of the question submitted, or a case must in any event be retried, reference is frequently made to the fact that nominal damages at least may be allowed (Bigham v. Ry. Co., 223 Pa. 106; Rice v. Erie R. R. Co., 271 Pa. 180), but a venire facias is not to be granted ordinarily where this is the only matter involved. Indeed, in an early case, a lower court was reversed for awarding a new trial on like ground: Allen v. Sawyer, 2 P. & W. 325, 328.

This disposition of the case makes it unnecessary to discuss a further suggestion that the learned court below improperly refused to admit certain testimony, intended to negative the idea that the testimony of plaintiff, as to an immaterial matter, was a recent fabrication. No one so claimed, nor did anyone contradict the evidence of the same fact as narrated by him. All of the assignments of error are overruled.

The judgment is affirmed.