

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2004

# Cohen v. Resolution Trust

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2729

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Cohen v. Resolution Trust" (2004). *2004 Decisions.* Paper 395.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/395

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2729

SANFORD H. COHEN, FAY RIVA COHEN

v.

RESOLUTION TRUST, in its capacity as conservator
for Atlantic Financial Savings, F.A., in its capacity as receiver
for Bell Savings Bank, PASA; FEDERAL DEPOSIT INSURANCE
CORPORATION, statutory successor to Resolution Trust
Corporation, in its capacity as conservator for Atlantic Financial
Savings, F.A., in its capacity as receiver for Bell Savings Bank;
JAY M. GROSS, individually and as Chairman of the Board of
the former Bell Savings Bank, PASA; GARY L. WILSON, individually
and as Vice President of the former Bell Savings Bank PASA

FAY R. COHEN and SANFORD H. COHEN,

Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civil Action No. 91-cv-03944)
District Judge: Hon. Berle M. Schiller

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2004

Before: NYGAARD, McKEE, and CHERTOFF, <u>Circuit Judges</u>.

(Filed: August 17, 2004)

_____

OPINION

_____

McKee, Circuit Judge.

We are asked to review the district court's judgment for the Federal Deposit Insurance Corporation acting as the receiver for Bell Savings Bank following a trial in which the plaintiffs claimed that the FDIC was liable for damages stemming from Bell's failure to maintain their line of credit. For the reasons that follow, we will affirm.

**I.**

Because we write solely for the parties, we provide only a brief overview of the undisputed facts of this case. The Cohens opened accounts and held certificates of deposit with Bell Savings in the 1980s. Beginning in 1984, Bell Savings annually agreed to extend a line of credit to the Cohens, with the final agreement made in 1989 to extend the line of credit through September 1, 1990. In January 1990, Bell terminated the line of credit that had been extended in this final agreement and requested immediate payment of the outstanding balance. The following month, the bank froze the Cohens' accounts and CDs. That freeze lasted for several days, at most. The Cohens then brought suit against Bell Savings for breach of the 1989 agreement and fraud, *inter alia*.[1] After a bench trial, the district court found for defendant FDIC, finding that the Cohens had not established

_____

[1] The claim was originally filed in Pennsylvania state court and removed to the district court, which had subject-matter jurisdiction over it pursuant to 28 U.S.C. § 1332. It is undisputed that Pennsylvania law applies to the state law issues.

that their alleged compensatory damages resulted from Bell Savings' actions. The court

also concluded that plaintiffs could not seek punitive damages against the FDIC acting as

a receiver for Bell Savings. This appeal followed.[2]

## II.

The Cohens raise three issues on appeal. They argue that the court erred in

dismissing their claim for failure to make out any compensatory or punitive damages

because they were, at the very least, entitled to nominal damages. They also challenge the

court's conclusion that they had not established compensatory damages. Finally, they

argue that the court should have allowed them to seek punitive damages against the

FDIC. We address each of these claims in turn.[3]

## A.

In *Bastian v. Marienville Glass Co.*, 126 A. 798, 800 (Pa. 1924), the Pennsylvania

Supreme Court held that a plaintiff who failed to establish compensatory damages was

not entitled to nominal damages absent a request for them. Subsequently, Pennsylvania

courts have only reversed a trial court's failure to award nominal damages if the plaintiff

has, at a minimum, requested nominal damages or sought permission to amend the

complaint to do so. *See Elia v. Olszewski*, 84 A.2d 188, 191 (Pa. 1951) (holding that the

---

[2] We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

[3] We exercise plenary review over conclusions of law, examine findings of fact for clear error, and "break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992).

3

plaintiff was entitled to a verdict and nominal damages because the defendant admitted that it breached the parties' contract, but noting that the court does "not ordinarily reverse on this ground alone where no request was made for [nominal damages] at the trial and no establishment of a property right is involved"). *See also Sands v. Forrest*, 434 A.2d 122, 124 (Pa. Super. 1984) (holding that the plaintiffs' claim for fraud should not have been dismissed because the district court should have allowed them to amend their complaint regarding damages); *Peerless Wall & Window Coverings, Inc. v. Synchronics*, 85 F. Supp. 2d 519, 536 (W.D. Pa. 2000) (concluding that, under Pennsylvania law, the plaintiff's claim for fraud should not have been dismissed for failure to prove actual damages because the plaintiff requested nominal damages as well).

Here, plaintiffs requested only compensatory and punitive damages in their amended complaint,[4] and nothing in the record suggests that they asked to amend their complaint to include nominal damages. Accordingly, the court did not err in refusing to award nominal damages.

**B.**

The Cohens next argue that the court erred in ruling that they did not prove compensatory damages. They claim the evidence established that they suffered damages

---

[4] The district court states in its opinion that the Cohens alleged that they were entitled to compensatory and punitive damages, but does not mention nominal damages. R. at 24. We therefore assume they did not request such damages. Moreover, they neither argue that they requested nominal damages nor provide a copy of their complaint to show that they had requested nominal damages.

because Bell Savings froze their accounts and used their CDs to offset the amount owed on the line of credit. They also argue that the court erred in concluding that they could not claim damages occurring after their contract with Bell Savings ended on September 1, 1990. We address each argument in turn.

**1. Damages resulting from the freeze and the offset**

The Cohens argue that the court assumed that their inability to access the CDs for a few days would not hurt them because the Cohens did not use the CDs in the daily operation of their business. However, they claim that their inability to draw on that account at "the precise point" the freeze occurred did damage their business. They claim their revenue was insufficient to make their mortgage payments due to a downturn in the real estate market, fires at their properties, and mismanagement by the property managers, and that the absence of the reserve funds represented by the CDs ultimately caused them to lose their real estate. This was compounded, they argue, by the freeze on their checking accounts that caused checks to bounce and the negative impact on their company's goodwill and credit prevented them from borrowing to make the mortgage payments.

The district court explained its findings in a thoughtful and thorough Memorandum and Order, filed May 14, 2003. The court's findings are not clearly erroneous and we will therefore affirm the rulings on damages substantially for the

5

reasons set forth in that Memorandum and Order. R. at 24A-26A.[5] We add only that the Cohens' argument regarding the impact of the foreclosure is merely a theory rather than evidence of damages. Since the mortgages were not accelerated until 1.5 to 2 years after the freeze, their claim is not even advanced by the proximity of the events they rely upon in making their argument.[6]

We further note that the plaintiffs also fail to offer proof that their credit rating and goodwill were damaged. Rather, they state that it is "common knowledge" that such damage occurs when checks bounce. Their credit reports from before and after the freeze are in the record, but the Cohens fail to show a material change in their credit rating caused by the freeze. R. 689-715. Nor do they offer proof that the freeze on their account caused them to be turned down for loans they applied for to cover their mortgage payments during the freeze.[7]

---

[5] Although the Cohens themselves and their expert witness, economist Andrew C. Verzilli, all testified that the Cohens' losses were caused by this freeze, there is no evidence to support their assumptions regarding causation.

[6] The record reflected that two mortgages were accelerated in September 1991 and February 1992. R. at 507-08, R. 517-18.

[7] As a corollary to this argument, the Cohens argue that the district court should not have dismissed their theory regarding these damages unless the FDIC developed a countertheory. Br. at 36. This contention ignores the fact that the court must deny damages under any theory unless plaintiffs can support their theory with evidence. *See Treon v. Unemployment Comp. Bd. of Review*, 453 A.2d 960, 964 n.4 (Pa. 1982) (noting the Pennsylvania Supreme Court's disapproval of a lower state court's reliance on "common knowledge" rather than the evidence of record in the case when coming to its legal conclusions). Since the Cohens had the burden of proving their claims, FDIC did not need to present a counter theory to prevail. Rather, the court merely had to conclude

Therefore, the district court did not err in concluding that the plaintiffs failed to establish compensatory damages resulting from the freeze and the set off.[8]

**2. Damages occurring after September 1, 1990**

The Cohens argue that the district court erred in concluding that they were not entitled to any damages for the period after September 1, 1990. They believe that they should receive compensation for all damages stemming from the breach of Bell Savings' duty to them because a tortfeasor is liable for all damages accruing from a tortious act, even those accruing after its duty to the victim ends. The district court concluded that the evidence of loss after September 1, 1990 "fail[ed] to account for evidence that shows that the Cohens' financial difficulties resulted from a variety of factors. . . independent of FDIC." These included "the weakening of the real estate market, . . . poor management . . . by I.W. Levin, and fires at the Cohens' properties . . . . " R. at 26A. That conclusion is also not clearly erroneous and we will uphold it.

## C.

Finally, the Cohens challenge the district court's conclusion that they could not recover punitive damages against the FDIC because it was a government receiver. In

---

that the Cohens' proof failed to establish their theory. Since the court found the Cohens' theory of damages unsupported, it properly found for defendant FDIC.

[8] The Cohens also challenge Bell Savings' decision to use their CDs to setoff their delinquent debt on the credit line. However, it is undisputed that the Cohens had an outstanding delinquent balance. Accordingly, even assuming *arguendo* that the setoff was improper, we agree with the district court's conclusion that plaintiffs did not prove any damages as a result of it.

rejecting this claim, the district court assumed "*arguendo* [] that the Cohens have proven that Bell Savings' conduct is sufficient to trigger such an award. . . ." R. at 26A, but rejected the Cohens' punitive damage claim as a matter of law. We affirm the court's ruling substantially for the reasons set forth in the court's Memorandum and Order. *Id*.; *see Newport v. Fact Concerts*, *Inc*., 453 U.S. 247, 266-71 (1981).

## II.

Accordingly, for all of the above reasons, we will affirm the district court's judgment.